PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENITA WILLIAMS, ) | |
| ) | CASE NO. 4:21CV00688 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| WARDEN BALDOLF., et al., ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendants. ) | |

*Pro se* Plaintiff Benita Williams has filed a civil rights action under 42 U.S.C. § 1983 against "Warden Baldolf", Community Corrections Association ("CCA"), and Annette Chambers-Smith. ECF. No. 1. For the following reasons, this action is dismissed.

**I. Background**

Plaintiff's Complaint is difficult to decipher.[1] It appears, however, that Plaintiff alleges that, at the time the Complaint was filed, was being "continuously incarcerated" despite the expiration of her criminal sentence. ECF No. 1 at PageID #: 2, 8. Plaintiff states that Director Chambers-Smith "has implemented a conspiracy . . . to stalk, harass, inflict cruel and unusual punishment, to unlawfully restrain [], and to continuously incarcerate" *Id.* at PageID #: 2.

---

[1] This case has an unusual procedural history, having been transferred, twice, from the Southern District of Ohio, to this District. *See* ECF Nos. 11, 14, 23. The Magistrate Judge handling this case in the Southern District found that Plaintiff requested the second transfer. ECF No. 23 at PageID #: 96.

(4:21CV688)

Plaintiff notes in her Complaint that she has an "open 1983 action [challenging] the conditions of her confinement[.]"[2] Id.

Plaintiff has also made a filing, which appears to be intended to supplement the allegations of the Complaint, in which she advised that she was no longer incarcerated at the Ohio Reformatory for Women and therefore requested to remove the warden from the Complaint. ECF No. 10 at PageID #: 45. Plaintiff endeavors, in that document, to raise a claim against CCA, a halfway house, where she stayed for a time, for "preventing her from reintegrating with society," "access[ing] her money," find[ing] a home," or run[ning] her business." Id. at PageID #: 46-47. ODRC records reflect that Plaintiff has been released from custody, subject to a three-year term of supervision by the Ohio Adult Parole Authority.[3] In the original Complaint, Plaintiff expressly sought only declaratory and injunctive relief, and the supplementary materials do not seek additional forms of relief to the Complaint. ECF No. 1 at PageID #: 1; ECF No. 10.

## II. Standard of Review

The Court grants plaintiff's *pro se* motion to proceed *in forma pauperis*. ECF No. 9. *Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings

---

[2] A review of PACER reveals that Plaintiff filed a civil rights action against 14 defendants, including "Warden Baldolf" and Annette Chambers-Smith, alleging denial of access to the courts and her legal documents and cruel and unusual punishment (*Williams v. Chambers-Smith*, No. 2:20CV3782 (S.D. Ohio July 28, 2020)) as well as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (*Williams v. Baldaulf*, No. 4:19CV2791 (N.D. Ohio Nov. 25, 2019)).

[3] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W102506.

(4:21CV688)

drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Federal district courts, however, are expressly required under 28 U.S.C. § 1915(e)(2) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive scrutiny under these statutes, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The courts, however,

3

(4:21CV688)

are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.  See Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III.  Discussion

It appears that Plaintiff contends Defendants violated her constitutional rights by unlawfully incarcerating/restraining her after the expiration of her sentence, subjecting her to cruel and unusual punishment while incarcerated, and preventing her from leaving CCA or conducting her business.  Plaintiff's claims seeking declaratory or injunctive relief must be dismissed.

As a general matter, claims for declaratory and injunctive relief become moot once the complained of condition has passed, or is no longer in effect – "if the issues presented are no longer live[.]"  Thompson v. DeWine, No. 21-3514, 2021 WL 3183692, at *2 (6th Cir. July 28, 2021) (cleaned up).  It is further well-established that an inmate's request for declaratory and injunctive relief is moot upon his or her release (or transfer). See Parks v. Reans, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.") (citing Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [Plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."));.

Here, Plaintiff's claims concern incidents that allegedly occurred at the Ohio Reformatory for Women or CCA.  Plaintiff concedes that she is no longer incarcerated at the Ohio Reformatory for Women.  And upon review of the docket, and ODRC records, it appears that

4

(4:21CV688)

Plaintiff is no longer housed at CCA. On January 11, 2021, the docket notes that the Order transferring this action to this Court was mailed to Plaintiff at CCA on Market Street, Youngstown, Ohio. The docket indicates, however, that this mail was returned as undeliverable, and a notation on the mail stated that Plaintiff "does not reside at this facility any more." ECF No. 12. Thereafter, on January 29, 2021, Plaintiff filed a "Notice of fictitious address and change of address," indicating Plaintiff's new address in Boardman, Ohio. ECF No. 17. Plaintiff's most recent filing was also mailed from a Boardman address. ECF No. 22-1.

Plaintiff's claims seeking declaratory and injunctive relief are therefore moot, and the Court lacks jurisdiction over these proceedings, which do not present a "case or controversy."

## IV. Conclusion

Plaintiff's motion to proceed in forma pauperis (ECF No. 9) is granted. For the reasons stated herein, the Complaint (ECF No. 1) is dismissed under 28 U.S.C. § 1915(e)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|    July 29, 2021 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |